UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO HERRERA-ZUNIGA,

    Movant,

                                   File No. 1:10-cv-986

v.

                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                 /

**O P I N I O N**

This matter is before the Court on Movant Leonardo Herrera-Zuniga's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

**I.**

Movant was indicted on December 5, 2007, on the following charge: (1) reentry of removed alien after having been convicted of a felony, in violation of 8 U.S.C. §§ 1101(a), 1326(a), and 1326(b)(1). *United States v. Herrera-Zuniga*, Case No. 1:07-CR-283-01 (W.D. Mich. Apr. 16, 2008; Dkt. No. 1, Indictment.) Movant pleaded guilty to the Indictment on January 9, 2008, and was sentenced on April 11, 2008, to 48 months' imprisonment, to be served concurrently with 12 months' imprisonment for violating his supervised release conditions imposed for a prior conviction (1:06-CR-04), as well as another 12-month term of supervised release. (1:07-CR-283-01, Dkt. No. 28, Sup. Rel. Violation Hr'g & Sent. Tr.

14, 16.) Movant appealed on April 17, 2008, and his conviction was affirmed on July 8, 2009 (1:07-CR-283-01, Dkt. No. 29; *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009).) Movant filed a timely § 2255 motion on October 7, 2010. Movant seeks relief based on ineffective assistance of counsel.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Frady*, 456 U.S. 152, 167-68 (1981); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and

"actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The statute does not require a complete hearing; however, any hearing "must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact . . . " *Smith v. United States*, 348 F.3d 545, 550-51 (2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the proceedings, the judge may rely on his or

her recollections.  *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

Movant's claim for relief is based on ineffective assistance of counsel at sentencing. (Dkt. No. 1.)  To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.  Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A "reasonable probability" is that which is sufficient to affect the trustworthiness of the case's outcome. *Id*.  In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . .  [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .  A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90.

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney

performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted). The court may dispose of the claim of ineffective assistance if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Strickland*, 466 U.S. at 697. The *Strickland* framework applies to claims of ineffective assistance of counsel that arise during the sentencing phase. *Bell v. Cone*, 535 U.S. 685, 698 (2002). In *Cone*, the Supreme Court reiterated that "a court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." 535 U.S. at 702.

The relevant facts are as follows. Counsel for Movant submitted a letter to the Court in place of a traditional sentencing memorandum. (1:07-CR-283-01, Dkt. No. 22-2.) In the letter, Counsel reprimanded Movant for the seriousness of his actions and warned that he may have been deserving of a harsh sentence. (1:07-CR-283-01, Dkt. No. 22-2.) Movant claims that Counsel was ineffective for offering statements in his sentencing memorandum and at sentencing which "'seemingly supported the court's inclination to depart upwards.'" (Dkt. No. 1, citing *Herrera-Zuniga*, 571 F.3d at 591.) Defendant incorporates into his motion, by reference, the Sixth Circuit's related opinion. The court stated, in pertinent part:

> [T]he Assistant Federal Public Defender assigned to Herrera-Zuniga's case chose to submit to the court a letter written to Herrera-Zuniga in lieu of a 'likely useless' discussion of the § 3553(a) factors. At a minimum, that strategy was highly questionable. Not only was the tone of the letter highly

5

> unprofessional, but many of the statements made therein cast Herrera-Zunga's conduct in a particularly unfavorable light, seemingly supporting the court's inclination to depart upward. We thus are concerned that defense counsel's chosen 'strategy' constitutes professional malfeasance and, potentially, constitutionally ineffective assistance of counsel. . . . [T]he record is clear that Stroba failed to raise any § 3553(a) factors in response to the court's Notice of Intent to Upward Depart, despite the fact that the PSIR identified several potentially relevant considerations . . . More over, Stroba's letter actually went beyond that and expounded on and emphasized the seriousness of his client's misdeeds. In fact, the sentencing memorandum and the letter Stroba attached to it read more like a prosecutor's argument in favor of a harsher sentence.

*Herrera-Zuniga*, 571 F.3d at 591-93. After expressing its concern that Counsel had rendered ineffective assistance and created "'a breakdown in the adversarial process,'" the court suggested that Movant consider his options for habeas relief. *Herrera-Zuniga*, 571 F.3d at 592 (quoting *United States v. Cronic*, 466 U.S. 648, 662 (1984)).

In its response to Movant's § 2255 motion, the Government provided an affidavit from Counsel. (Dkt. No. 7-1.) The response indicates that Counsel discussed his strategy for the sentencing memorandum with his colleagues at the Federal Public Defender's Office as well as with Movant. (Dkt. No. 7, Resp. 7.) In his detailed affidavit, Counsel stated that he and Movant discussed the letter and the sentencing strategy, that he provided Movant with a Spanish translation of the letter, and that he facilitated a detailed discussion between Movant and a Spanish-speaking investigator. (Dkt. No. 7-1, Aff. 7, 11.) Counsel stated that Movant understood and consented to both the letter and the strategy and indicated that he was satisfied with Counsel's representation. (Dkt. No. 7-1, Aff. 11.) Movant also twice told the Court that he was satisfied with Counsel's representation during the sentencing hearing.

(1:07-CR-283-01, Dkt. No. 28, Sup. Rel. Violation Hr'g & Sent. Tr. 4, 9.)  At sentencing, Counsel explained Movant's position to the Court:

> In regard to the offense itself and other remarks, Your Honor, I would simply say the Court's had a chance to review our sentencing memorandum which was a little different but I wanted to provide Mr. Herrera-Zuniga with some things to think about before coming to sentencing today and what this Court faces in terms of sentencing him based upon his conduct, and I think he's had a chance to do that. We've had a chance to talk about that to some extent. We would ask the Court or comment that within the parameters of the recommended sentence and the advisory guidelines here, even the high end, in considering that he's going to serve 12 months on the supervised release violation as well, that there's a pretty significant amount of time this Court has within those parameters to sentence him. We'd ask the Court to consider that.

(1:07-CR-283-01, Dkt. No. 28, Sup. Rel. Violation Hr'g & Sent. Tr. 10.)  Counsel asked the Court to consider departing upward by only one or two levels.  (1:07-CR-283-01, Dkt. No. 28, Sup. Rel. Violation Hr'g & Sent. Tr. 9.)  Counsel also pointed out misstatements of sentencing calculations in the presentence report (PSR), and they were adjusted to Movant's benefit.  (1:07-CR-283-01, Dkt. No. 28, Sup. Rel. Violation Hr'g & Sent. Tr. 6, 8.)

Counsel explained that he chose to employ an unorthodox strategy in order to avoid a higher sentence that the Court might have been inclined to give.  (Dkt. No. 7-1, Aff. 9.)  Because of Counsel's knowledge of the Court's sentencing philosophy, he decided that a traditional approach would not be adequate in Movant's case.  (Dkt. No. 7-1, Aff. 10.)  Counsel intended to scold Movant for his misdeeds so that the Court would not feel the need to do so.  (Dkt. No. 7-1, Aff. 10.)  Instead, he decided to pursue a more "direct and candid" approach. (Dkt. No. 7-1, Aff. 10.)  Again, Counsel stated that Movant was comfortable with

7

and consented to the filing of the letter and use of Counsel's sentencing strategy. (Dkt. No. 7-1, Aff. 11.) Counsel also pointed out that the Court, through its history with Movant and through means of the PSR, was already aware of the letter's contents. (Dkt. No. 7-1, Aff. 13.) Therefore, the letter contained no privileged information or confidential communications from Movant.

Counsel intended that the attachment to the sentencing memorandum would convey to the Court the fact that "Herrera-Zuniga had already been scolded at length, thus minimizing the court's incentive to do so at sentencing." (Dkt. No. 7-1, Aff. 5.) The Federal Public Defender's Office conducted an internal investigation in which it did not find any wrongdoing on the part of Counsel. (Dkt. No. 7-1, Aff. 12.) A request for investigation in the matter was likewise dismissed by the Michigan Attorney Grievance Commission. (Dkt. No. 7, Resp. 7; Dkt. No. 7-1, Aff. 3.) Moreover, the Sixth Circuit also determined that the sentence of this Court, including the imposition of an above-guidelines sentence, was reasonable. After a thorough analysis, the court of appeals concluded:

> As our discussion of the factual record makes clear, a host of factors support the sentencing judge's conclusion that a particularly harsh sentence was warranted in this case, including Herrera-Zuniga's significant criminal history, his repeated recidivism, the seriousness of his offenses, the nature and circumstances of his latest offense, his repeated failure to complete substance abuse programs, and the need to protect the public from his inability to refrain from driving while intoxicated.

571 F.3d at 591. Counsel's candor in portraying Movant's significant criminal history, repeated recidivism, and the seriousness of his offenses did not bring to the attention of this

Court any facts or circumstances not already known to the Court through the PSR. Moreover, the letter was not completely negative. Counsel also said the following in the letter:

> [T]he Defendant has promptly accepted responsibility for his conduct both in speaking with counsel and in his actions toward the judicial system. He has waived all preliminary hearings in this matter and has moved to the point of sentencing with all possible dispatch. Before his previous sentencing he had established a good work history. Counsel for the Defendant simply asks the Court to give due deference to the parsimony principle of the sentencing statute.

(1:07-CR-283-01, Dkt. No. 22, Sent. Mem. 2.) This Court independently considered Movant's character and history, reviewed the sentencing factors under 18 U.S.C. § 3553(a), and concluded, based on its own analysis, that a sentence above the guideline range was necessary and appropriate. Additionally, this Court, having already been made aware of Movant's criminal history and personal characteristics, and having already filed a Notice of Intent to Depart Upward, was not influenced to Movant's detriment by the sentencing memorandum.

As Movant has failed to file a reply to the Government's response, Counsel's stated rationale for his unorthodox strategy has not been contradicted. Counsel is an experienced defense attorney and has been an Assistant Federal Public Defender for six years, specializing in criminal law since 1977. Because Counsel is presumed to be competent, the burden rests on Movant to show a constitutional violation. *Cronic*, 466 U.S. at 658 (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)). Unless Movant can show specific errors

9

made by his Counsel which undermined the adversarial process, there is generally no basis for finding a Sixth Amendment violation. *Strickland*, 466 U.S. at 696-96. *See Matthews v. United States*, 518 F.2d 1245, 1246 (7th Cir. 1975) ("Whenever we are asked to consider a charge that counsel has failed to discharge his professional responsibilities, we start with a presumption that he was conscious of his duties to his clients and that he sought conscientiously to discharge those duties. The burden of demonstrating the contrary is on his former clients."). Movant has failed to make this showing. Therefore, he has failed to state a claim for ineffective assistance of counsel.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a

certificate is warranted. *Id.* For the reasons stated in this opinion, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>October 11, 2011</u>             <u>/s/ Robert Holmes Bell            </u>
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE